CASE 27—INDICTMENT—SEPTEMBER 18.

# Freeman v. Commonwealth.

### APPEAL FROM M'LEAN CIRCUIT COURT.

1. FAILING TO OBTAIN LICENSE FROM TOWN TRUSTEES TO KEEP A COFFEE-HOUSE.—The keeper of a coffee-house in Calhoon, having obtained a license from the county court as required by the general law, but not being licensed so to do by the trustees of said town as required by its charter, is not liable to the fine of sixty dollars, under an indictment for keeping a tippling-house, as prescribed by the general law.

2. A LICENSE FROM THE AUTHORITIES OF A TOWN OR CITY ALONE will not be a protection against the penalties imposed by the general law for keeping a tippling-house. (Revised Statutes, section 8, article 2, chapter 83.)

3. A license from the county court alone will not protect such offenders from the prescribed or appropriate penalty for violating the local law.

GEORGE W. SWOPE, . . . . . . . . . For Appellant,

CITED

Revised Statutes, section 8, 2 Stanton, 241, 242.
1 Session Acts, 1867–8, page 599.

JOHN RODMAN, Attorney-General, . . . For Appellee,

CITED

Act of February 20, 1868, to amend the charter of Calhoon, 1 Session Acts, page 599.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

The appellant, having paid the requisite tax to the state and obtained a license to keep a coffee-house in the town of Calhoon, McLean County, but not being licensed so to do by the trustees of the town, as required by its charter, was indicted and convicted of keeping a tippling-house, and fined the sum

of sixty dollars; and this appeal is prosecuted to reverse that judgment.

The only material question to be determined is whether, having obtained license under the general law of the state, the failure of the appellant also to comply with the local law of the town rendered him amenable under the general law for keeping a tippling-house.

Section 1, article 4, chapter 99, Revised Statutes, provides that "any person, unless he shall have a license therefor, who shall sell in any quantity wine or spirituous liquors, or the mixture of either, in any house, to be drunk therein, or on or adjacent to the premises where sold, or shall sell the same and it shall be so drunk, shall be deemed guilty of keeping a tippling-house and fined the sum of sixty dollars." And sec. 8, article 2, chapter 83, Revised Statutes, provides, in substance, that a license alone from the authorities of a town or city will not be a protection against the penalties imposed for keeping a tippling-house. But we are aware of no law subjecting a person to the penalties imposed for keeping a tippling-house for the mere failure to comply with the local law or regulations as to license. A party so offending is no doubt liable to the prescribed or appropriate penalty for violating the local law; but not guilty under the general law of keeping a tippling-house while properly licensed under that law to retail spirituous liquors.

Wherefore the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.